# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT TOPEKA

| | |
|---|---|
| KEVIN L. BILLBE, on behalf of A.N.B. and K.J.B., ) <br> Heirs-at-law of Brandi Billbe, deceased, ) <br> THE ESTATE OF BRANDI BILLBE, deceased, ) <br> A.N.B., individually, RONALD J. LEEDERS, ) <br> on behalf of R.L.J., and J.A.L., Heirs-at-law of ) <br> Lori B. Leeders, deceased, JENNIFER LEEDERS, ) <br> individually, Heir-at-law of Lori B. Leeders, Deceased. ) <br>                                          ) <br>                     Plaintiffs,    ) <br>                                          ) <br> vs.                                   )   Case No. 06-4050-RDR <br>                                          ) <br> URETEK USA, INC.                ) <br>                                          ) <br>                     Defendant.   ) <br>                                          ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

NOW on this 15th day of March, 2007, this matter comes before the court upon defendant Uretek USA, Inc.'s Motion for Protective Order (Doc. 50). No responses were filed in opposition to defendant's motion and the time for doing so has expired. The court therefore finds defendant's motion to be uncontested[1] and deems this matter ripe for disposition.

Upon reviewing defendant's motion, and for good cause shown, it is hereby

ORDERED, ADJUDGED AND DECREED that no party to this action may use or disclose personnel and medical records pertaining to J. B. Miser and the information contained therein to any other person or entity other than for use in this action or in the action captioned *Ashley Nicole Billbe, a minor, et al. v. The State of Kansas*, District Court of Marion County, Kansas Case No. 06 CV 28. The parties are specifically prevented from using or disclosing the records pertaining to J. B. Miser to the prosecutor in the pending criminal suit against J. B. Miser.

---

[1] *See* D. Kan. R. 7.4.

IT IS FURTHER ORDERED that in the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[2]

IT IS SO ORDERED.

Dated this 15th day of March, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[2] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).